IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  vs.<br>THONGSY THANNAVONG,<br><br>    Defendant.<br>_____/ | CASE NOS. CR F 09-0047 LJO and CV F 11-0566<br><br>**ORDER ON 28 U.S.C. § 2255 MOTION**<br>(Doc. 154.) |

## INTRODUCTION

Defendant Thongs Thannavong ("defendant") is a federal prisoner and proceeds pro se to seek 28 U.S.C. § 2255 ("section 2255") relief. This Court considered defendant's section 2255 motion on the record and denies defendant section 2255 relief.

## BACKGROUND

### Plea Agreement

By an August 28, 2009 plea agreement, defendant voluntarily entered a guilty plea to conspiracy to distribute and possess with intent to distribute 3, 4-methylenedioxmethamphetamine ("MDMA") and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 (class C felony). The plea agreement addressed a potential sentence by which defendant acknowledged that:

1. "[I]n determining her sentence, the Court is required to take into consideration the advisory Federal Sentencing Guidelines adopted by the United States Sentencing Commission";

1

2. "[T]he Court may give her any reasonable sentence above or below the applicable Guidelines range depending on aggravating or mitigating circumstances in her case"; and

3. "[B]y pleading guilty she is waiving all the [trial] rights set forth above and the defendant's attorney has explained those rights to her and the consequences of her waiver of those rights."

The plea agreement noted the maximum 20-year sentence.

By the plea agreement, defendant waived "any right to appeal her conviction and sentence and any right she may have to bring any other post-conviction attack on her conviction and sentence. She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction and sentence."

**Acceptance Of Plea Agreement And Sentencing**

At the January 8, 2010 sentencing, this Court noted the recommended "low term of the guideline range of 57 months." This Court explained to defendant: "[T]he maximum that you could have faced in this case is 20 years, which is 75 percent of what is being recommended here. In other words, more than four times what is being recommended here." This Court noted that "appellate rights have been waived."

Defendant acknowledged her guilt and stated: "I'm responsible for everything that I done," her crime was an "easy job" for her to do, and "I will never do this again. I'm very remorseful, and whatever you give me, I will accept it."

Defendant was sentenced to 57 months, and judgment was entered on January 21, 2010 to impose the sentence.

**Section 2255 Motion**

On April 4, 2011, defendant filed her section 2255 motion on grounds that her defense counsel was ineffective in that:

1. Defendant "was confused with the significance of pleading instead of going to trial";

2. Defendant thought that there was "room to argue against the sufficiency of evidence" if she entered a plea agreement;

3. Defendant "believed counsel would work harder for my defense if I took a plea

2

agreement";

4. Defendant was unsure of the Government's motivation as to her potential sentence;

5. Defendant "had less than 5 minutes to enter the court room to decide against my life"; and

6. Defense counsel "assured me I would 'definitely' receive a lesser sentence than 57 months."

## DISCUSSION

### Waiver

Defendant waived her right to attack her sentence collaterally with a 2255 motion.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992), *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of her collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant agreed not to attack her conviction by a 2255 motion. Defendant acknowledged the maximum 20-year sentence and that she was subject to "a reasonable sentence . . . depending on aggravating or mitigating circumstances in her case." Given such waiver, defendant is precluded to pursue issues which do not relate to performance of her attorney or voluntariness of waiver. *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

### Voluntary And Intelligent Plea

Defendant's claims are barred as based on her voluntary and intelligent plea. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).

3

To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences. . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfullfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Defendant acknowledged that she was fully aware of the direct consequence of her plea in writing and orally at sentencing. With the written plea agreement, defendant acknowledged the maximum 20-year sentence and this Court's imposition of "any reasonable sentence above or below the applicable Guidelines range depending on aggravating or mitigating circumstances." At sentencing, defendant was again informed of the 20-year maximum penalty stated under oath that "I'm responsible for everything that I done" and "whatever you give me, I will accept it." Thus, under *Brady*, defendant's plea must stand, as her plea was voluntary and intelligent.

## Ineffective Assistance Of Counsel

The gist of defendant's section 2255 motion is that she is dissatisfied with her defense counsel's handling of the plea. Defendant appears to insinuate that she would serve less time had she proceeded to trial. However, her demeanor and words at sentencing belie her claims here.

A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F. 3d at 433. As such, this Court scrutinizes defendant's ineffective assistance of counsel claims.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*,

1  513 U.S. 1001, 115 S.Ct. 513 (1995).  The first factor is whether the counsel's performance fell below
2  an objective standard of reasonableness considering all of the circumstances.  *Strickland,* 466 U.S. at
3  687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494
4  U.S. 1039, 118 S.Ct. 1856 (1998).  A defendant must demonstrate that counsel's performance was
5  deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth
6  Amendment.  *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.  A defendant must identify counsel's
7  alleged acts or omissions that were not the result of reasonable, professional judgment considering the
8  circumstances.  *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78
9  F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996).  There is a strong
10 presumption that counsel's performance fell within the wide range of professional assistance.
11 *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S.
12 at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990).
13 Judicial scrutiny of counsel's performance is highly deferential.  *Strickland*, 466 U.S. at 677-678; 104
14 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).
15        The second factor for court consideration is whether the petitioner has affirmatively proven
16 prejudice.  *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271.  Prejudice occurs
17 when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the
18 proceeding would have been different."  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066.  A reasonable
19 probability is "a probability sufficient to undermine the confidence in the outcome."  *Strickland*, 466
20 U.S. at 694, 104 S.Ct. at 2066.  In addition, the court can find prejudice only when the outcome would
21 have been different without counsel's errors.  *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843.
22 A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because
23 of counsel's ineffectiveness.  *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-*
24 *Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994).  A defendant
25 may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely
26 because the outcome may have been different but for counsel's errors.  *Lockhart*, 506 U.S. at 369-370,
27 113 S.Ct. at 842.  Thus, if a court finds that counsel's performance fell below an objective standard of
28 reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have

5

been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

A defendant is limited to attacking the voluntary and intelligent nature of the plea itself. *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (quoting *Tollett*, 411 U.S. at 267, 93 S.Ct. 1602)."[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). When a defendant enters a guilty plea on the advice of counsel, the voluntariness of the plea depends on whether a counsel's advice was deficient. *Hill*, 474 U.S. at 56, 106 S.Ct. 366.

In essence, defendant appears to fault defense counsel's failure to guarantee that this Court accept less than a 57-month sentence. Defendant offers nothing meaningful to demonstrate erosion of her Sixth Amendment right to counsel or that defense counsel's conduct prejudiced the defense. Nothing suggests that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel, especially given defendant's open admission of her criminal conduct. Defendant points to neither defense counsel's unreasonableness nor a reasonable probability of a different result, especially considering the plea agreement and this Court's explanation of sentencing options. Defendant offers nothing to substantiate a better result had she proceeded to trial or that defense counsel's advice was deficient, especially with the dismissal of three counts with her plea agreement. This Court is not in a position to grant defendant a windfall and unwind defense counsel's capable representation of defendant. Defendant's ineffective assistance of counsel claim fails.

**Untimely Section 2255 Motion**

Defendant's section 2255 motion is susceptible to section 2255(f)'s one-year limitations period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's section 2255 motion is untimely. Her judgment of conviction was finalized on January 21, 2010, more than a year prior to her April 4, 2011 filing of her section 2255 motion. Defendant alleges no government-created impediment to seek section 2255 relief, and none is present. Defendant's ineffective plea and assistance of counsel claims rest on decades established rights, not newly recognized rights which have been made retroactive to cases on collateral review. Defendant delayed nearly 15 months to seek section 2255 relief to negate exercise of due diligence to discover facts to support her claim. The one-year limitations period expired prior to defendant's untimely 2255 motion.

### Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability and DIRECTS the clerk to close Case No. CV F 11-0566.

IT IS SO ORDERED.

**Dated:   April 11, 2011**                         **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE